**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4419**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

JAMES DANIEL MCKOY,

> Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:16-cr-00116-D-2)

Submitted: March 26, 2019                    Decided: April 30, 2019

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eric A. Bach, Charlotte, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In October 2016, a federal grand jury returned a 49-count indictment against James Daniel McKoy and 24 other Defendants, the charges in which related to a narcotics trafficking enterprise operated within the Eastern District of North Carolina between 2013 and 2016. McKoy was charged in 8 of these counts, which included conspiracy to distribute, and possess with intent to distribute, 5 kilograms or more of cocaine, 280 grams or more of crack cocaine, and unspecified quantities of marijuana and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (C), (D) (2012), and 21 U.S.C. § 846 (2012); six counts stemming from the distribution of various types and quantities of narcotics; and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2012).

Following a forensic evaluation to determine his competency, McKoy pled guilty, without the benefit of a plea agreement, to these offenses. The district court sentenced McKoy to an aggregate 210-month sentence, consisting of 150 months on the drug charges and a 60-month consecutive sentence on the § 924(c) charge, and a 5-year term of supervised release. This appeal timely followed.

McKoy raises three arguments in this court, the first of which relates to the district court's competency finding. McKoy also asserts two arguments to undermine the procedural reasonableness of his sentence. We affirm.

McKoy first maintains that the district court reversibly erred in finding him competent to plead guilty. McKoy contends that there was objective evidence that he suffered from a mental impairment caused by a brain tumor discovered some years prior

and documented in the forensic report prepared upon completion of McKoy's competency evaluation. McKoy asks us to remand his case to the district court for further consideration of this issue.

But defense counsel conceded at the Fed. R. Crim. P. 11 hearing that McKoy was competent to proceed, a concession that was consistent with the admitted forensic report. Because McKoy did not move for a competency hearing, we review the district court's failure to order a hearing for plain error. *See United States v. Dreyer*, 705 F.3d 951, 960 (9th Cir. 2013) ("As a practical matter, a district court's failure to conduct a competency hearing on its own motion will always be subject to plain error review. . . . because a defense counsel who . . . recognizes that the defendant's competency is in question would not leave it up to the district court to order a competency hearing *sua sponte*."). On plain error review, we will reverse a district court ruling only if we find "that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016) (alterations and internal quotation marks omitted).

> The district court must order a competency hearing:
>
> [I]f there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (2012). "Whether reasonable cause exists is a question left to the sound discretion of the district court." *United States v. Bernard*, 708 F.3d 583, 592 (4th

3

Cir. 2013) (internal quotation marks omitted). "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *Id*. at 592-93 (internal quotation marks omitted). The mere existence of some degree of mental impairment does not necessarily equate to "legal incompetence." *Id*. at 593. Competency turns on "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id*. (internal quotation marks omitted).

On this record, McKoy cannot show that the district court erred—let alone plainly erred—in failing to order a competency hearing. While the forensic report noted the presence of a brain tumor and McKoy's ongoing and long-lasting crack addiction, the evaluating doctor also indicated that McKoy was exaggerating his symptoms and understood the charges and proceedings against him. The district court inquired as to McKoy's comprehension of the questions posed at the Rule 11 hearing and the purposes of that hearing, and McKoy's answers indicated his understanding of that proceeding. Because nothing in McKoy's conduct at the Rule 11 hearing reflected erratic or irrational behavior, and the forensic examination confirmed that McKoy was capable of understanding the pending charges and the nature of the court proceedings, we conclude the district court did not plainly err in failing to order a competency hearing.

McKoy next challenges the procedural reasonableness of his 210-month sentence in terms of the computation of his Sentencing Guidelines range and the court's evaluation of his arguments in mitigation. We review McKoy's sentence for reasonableness,

4

applying an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). This review generally requires consideration of both the procedural and substantive reasonableness of the sentence, but because McKoy challenges only the procedural reasonableness of his sentence, we limit our review to this aspect of the sentencing. *See United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010) (explaining that, because the appeal presented only claims of procedural reasonableness, this court did not address the substantive reasonableness of the sentence). In evaluating the procedural reasonableness of a sentence, we assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51; *see United States v. Blue*, 877 F.3d 513, 517-18 (4th Cir. 2017) ("[A] sentencing court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review.").

McKoy first argues that the district court erroneously calculated his sentencing range on the grouped drug charges. This is so, according to McKoy, because the Guidelines range should have been based on his total adjusted offense level of 29, coupled with his placement in criminal history category III. This assignment of error fails, though, because it is premised on the Guidelines calculations in the *draft* presentence report as opposed to those in the revised, final version. Indeed, in the draft PSR, the probation officer assigned McKoy to criminal history category III. But the

probation officer later revised the report to reflect McKoy's placement in criminal history category IV. McKoy did not object to this determination. Utilizing this criminal history category, the district court properly calculated the advisory Guidelines range for the grouped narcotics offenses to be 121-151 months. Accordingly, we reject McKoy's assignment of computational error as it is based on a superseded version of the PSR.

McKoy's final sentencing argument challenges the district court's assessment of his mitigation arguments, which focused on McKoy's brain tumor and his long-term crack addiction. We discern no such procedural error. First, despite McKoy's assertions to the contrary, the district court expressly considered McKoy's argument in mitigation—that his illegal acts were driven by his drug addiction—and rejected it as an excuse for McKoy's ongoing and extensive participation in the underlying drug trafficking conspiracy. Second, the sentencing transcript does not support the contention that the defense relied on McKoy's brain tumor as a basis for seeking a lower sentence. At most, defense counsel asked the district court to recommend housing McKoy at FCI Butner because of McKoy's medical conditions and cognitive limitations. At bottom, this argument asks us to second guess the district court's discretionary determination as to the weight it afforded § 3553(a)(1)—the defendant's history and characteristics. This we will not do. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*